**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN**

---

**N MOTION MEDICAL
TRANSPORTATION, INC.**,
a domestic company
c/o Joseph Durruthy, Registered Agent
2217 Parview Rd Ste 3                                        Case No. _____
Middleton, WI 53562

       Plaintiff,

   v.

**MEDICAL TRANSPORTATION
MANAGEMENT INC.**,
a foreign company
c/o CT Corporation System, Registered Agent
301 S. Bedford St., Suite 1
Madison, WI 53703

and

**VEYO, LLC,**
a foreign company
c/o CT Corporation System, Registered Agent
301 S. Bedford St., Suite 1
Madison, WI 53703

Defendants.

---

**NOTICE OF REMOVAL
(28 U.S.C. §§ 1331, 1332, 1441 and 1446)**

---

    **PLEASE TAKE NOTICE** that Defendants Medical Transportation Management,

Inc. and Veyo, LLC, (together, "Defendants") by and through their attorneys, Stafford

Rosenbaum LLP, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 hereby file their

1

Notice of Removal of the action styled *N Motion Medical Transportation, Inc. v. Medical Transportation Management, Inc. et al.*, Case No. 2026CV002064, from the Dane County Circuit Court to the U.S. District Court for the Western District of Wisconsin. The grounds for removal are as follows:

## I.   THE STATE COURT ACTION

1.     Plaintiff N Motion Medical Transportation, Inc. ("Plaintiff") commenced the underlying lawsuit against Defendants on June 30, 2026, when it filed its Complaint in the Dane County Circuit Court, styled *N Motion Medical Transportation, Inc. v. Medical Transportation Management, Inc. et al.*, Case No. 2026CV002064 (the "State Court Action").

2.     Plaintiff served the Summons and Complaint in the State Court Action upon Defendants on July 6, 2026.

3.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached hereto as follows: a true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**, and true and correct copies of the Declarations of Service are attached hereto as **Exhibit B**.

## II.   THE NOTICE OF REMOVAL IS TIMELY

4.     This Notice of Removal is timely. Defendants were served with the Summons and Complaint in the State Court Action on July 6, 2026. (*See* Exhibit B, Decl. of Service). Defendants have not filed an answer or otherwise responded to the Complaint in the State Court Action.

5.     This Notice is filed within 30 days of the date Defendants were served with the Summons and Complaint, as required by 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (time for removal is "triggered" upon "formal service" of a summons and complaint).

## III.  BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP & FEDERAL QUESTION

6.  Pursuant to 28 U.S.C. § 1441(a), Defendants may properly remove the State Court Action to this Court if the Court has original jurisdiction.

7.  This Court has original jurisdiction on two grounds: diversity of citizenship and federal question.

8.  The Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties, the amount in controversy exceeds $75,000, and no defendant is a citizen of Wisconsin.

9.  Plaintiff N Motion Medical Transportation, Inc., is a domestic corporation organized under the laws of the State of Wisconsin. (*See* Exhibit A, Compl. ¶ 2). Its principal office is located at 2217-3 Parview Road, Middleton, Wisconsin 53562.

10.  Defendant Medical Transportation Management, Inc. ("MTM"), is a foreign corporation organized under the laws of the State of Missouri. (*See* Exhibit A, Compl. ¶ 3). Its principal office is located at 16 Hawk Ridge Circle, Lake St. Louis, Missouri 63367.

11.  Defendant Veyo, LLC, is a foreign limited liability company organized under the laws of the State of Arizona. (*See* Exhibit A, Compl. ¶ 4). Its principal office is located at 16 Hawk Ridge Circle, Lake St. Louis, Missouri 63367.

12.  The members and managers of Defendant Veyo, LLC are MTM and Alaina Macia, an individual who is a citizen of Missouri.

3

13.    Therefore, there is complete diversity of citizenship between Plaintiff and every Defendant properly joined and served in the State Court Action. *See Americold Realty Trust v. Conagra* Foods, 577 U.S. 378, 381 (2016) (under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of its state of incorporation and the state where it has its principal place of business); *Camico Mut. Ins. Co. v. Citizens Banks*, 474 F.3d 989, 992 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.").

14.    The Defendants are not citizens of the state of Wisconsin, the state in which the State Court Action was brought. Removal is therefore not barred by the forum-defendant rule set forth at 28 U.S.C. § 1441(b)(2).

15.    Pursuant to 28 U.S.C. § 1446(c)(2), Defendants assert that the amount in controversy exceeds $75,000, exclusive of interest and costs, though an amount is not specified in Plaintiff's Complaint. Furthermore, Plaintiff demands, among other things, compensatory damages and punitive damages. (Exhibit A, Compl. Prayer for Relief ¶¶ A, B). Nothing on the face of Plaintiff's Complaint or in the federal statute that Plaintiff relies upon purport to limit Plaintiff's alleged damages to an amount less than $75,000. Accordingly, the amount in controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

16.    The Court also has original jurisdiction under 28 U.S.C. § 1331 because count two in Plaintiff's Complaint arises under the laws of the United States, to wit, the

Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended. (Exhibit A, Compl. ¶¶ 56-60). Furthermore, Plaintiff's § 1981 claim and breach of contract claim involve the same agreement between Plaintiff and Defendants, thereby giving rise to the Court's supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367. *See Chicago v. International College of Surgeons*, 522 U.S. 156, 167 (1997) (Stating that state claims fall within a court's supplemental jurisdiction when they "are so related to the federal claims . . . that they form part of the same case or controversy.") (cleaned up).

## IV.    VENUE

17.    Venue for removal is proper in this Court under 28 U.S.C. § 1446(a) because the United States District Court for the Western District of Wisconsin is the district court of the United States for the district and division embracing Dane County, Wisconsin, where the State Court Action is pending.

## V.    CONSENT OF DEFENDANTS

18.    This Notice of Removal is filed on behalf of all Defendants who have been joined in the State Court Action.

## VI.    NOTICE TO STATE COURT AND ADVERSE PARTIES

19.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal with this Court, Defendants will file a copy of this Notice with the Clerk of the Circuit Court of Dane County, Wisconsin, and will serve written notice of the removal upon all adverse parties.

## VII.   RESERVATION OF DEFENSES

20.   By removing the State Court Action, Defendants do not waive, and expressly reserve, all defenses and objections available to them, including without limitation any defense relating to personal jurisdiction, venue, the sufficiency of service of process, and the sufficiency of the pleadings. By filing this Notice, Defendants admit no allegation of the Complaint.

## VIII.   CONCLUSION

**WHEREFORE**, Defendants hereby remove the State Court Action from the Circuit Court of Dane County, Wisconsin, to the United States District Court for the Western District of Wisconsin, and respectfully request that this Court assume full jurisdiction over this action as provided by law.

Dated: August 4, 2026.

Respectfully submitted,

STAFFORD ROSENBAUM LLP

By *Electronically signed by Jessica C. Mederson*
Jessica C. Mederson, SBN 1087910
James B. Woywod, SBN 1094263
222 W. Washington Avenue, Suite 900
Madison, WI 53703
Phone: 608.256.0226
Facsimile:  608.259.2600
Email: jmederson@staffordlaw.com
            jwoywod@staffordlaw.com

*Attorneys for Defendants Medical Transportation Management, Inc. and Veyo, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026 I caused a copy of the foregoing Notice of Removal to be served on the Plaintiffs by U.S. Mail and electronic mail to Plaintiffs' counsel of record:

Robert J Gingras
Peter N. Kelly-Smith
Gingras Thomsen & Wachs, LLP
8150 Excelsior Drive
Madison, WI 53717
gingras@gtwlawyers.com
pkellysmith@gtwlawyers.com

*Electronically signed by Jessica C. Mederson*
Jessica C. Mederson